No. 23-12155

IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

AUGUST DEKKER, et al.,
*Plaintiffs-Appellees*,

v.

SECRETARY, FLORIDA AGENCY FOR HEALTH CARE
ADMINISTRATION, et al.,
*Defendants-Appellants*.

On Appeal from the United States District Court for the
Northern District of Florida
Case No: 4:22-cv-00325-RH-MA

**UNOPPOSED MOTION OF *AMICI CURIAE* HUSSEIN ABDUL-LATIF,
REBECCA KAMODY, LAURA KUPER, MEREDITHE MCNAMARA,
NATHALIE SZILAGYI, AND ANNE ALSTOTT FOR LEAVE TO FILE
BRIEF AS *AMICI CURIAE* IN SUPPORT OF AFFIRMING THE
DISTRICT COURT'S ORDER**

Alison L. Andersen
ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, DC 20006
Telephone:  202.857.6000
Facsimile:  202.857.6395

David C. Blickenstaff
ARENTFOX SCHIFF LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
Telephone:  312.258.5500
Facsimile:   312.258.5600

*Counsel for Amici Curiae*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1–1, the undersigned counsel for *amici curiae* Hussein Abdul-Latif, Rebecca Kamody, Laura Kuper, Meredithe McNamara, Nathalie Szilagyi, and Anne Alstott certify that:

- None of the above-referenced individuals is a corporate entity or has issued stock.

- The following persons and parties, in addition to the above-named amici, may have an interest in the outcome of this case:

    1.    Academic Pediatric Association – Amicus

    2.    Alsott, Anne – Amicus

    3.    Altman, Jennifer – Counsel for Plaintiffs

    4.    American Academy of Child and Adolescent Psychiatry – Amicus

    5.    American Academy of Family Physicians – Amicus

    6.    American Academy of Nursing – Amicus

    7.    American Academy of Pediatrics – Amicus

    8.    American College of Obstetricians and Gynecologists – Amicus

    9.    American College of Osteopathic Pediatricians – Amicus

    10.   American College of Pediatricians – Amicus

i

11.     American College of Physicians – Amicus

12.     American Medical Association – Amicus

13.     American Pediatric Society – Amicus

14.     American Psychiatric Association – Amicus

15.     Andersen, Alison – Counsel for Amicus

16.     Anderson, Barrett – Counsel for Amicus

17.     Antommaria, Armand – Witness

18.     Association of American Medical Colleges – Amicus

19.     Bailey, Andrew – Counsel for Amicus

20.     Baker, Kellan – Witness

21.     Bardos, Andy – Counsel for Amicus

22.     Barnes, Brian – Counsel for Amicus

23.     Beato, Michael – Counsel for Defendants

24.     Biggs, Michael – Defendant Witness

25.     Blickenstaff, David – Counsel for Amicus

26.     Biomedical Ethics and Public Health Scholars –Amicus

27.     Bird, Brenna – Counsel for Amicus

28.     Boergers, Kathleen – Counsel for Amicus

29.     Boulware, Susan –Amicus

30.     Bowdre, Alexander Barrett – Counsel for Amicus

31. Brackett, John Matthew – Witness

32. Bronni, Nicholas J. – Counsel for Amicus

33. Brown, Louis, Jr. –Amicus

34. Burleigh, Clifton Francis, Jr. – Amicus

35. Cameron, Daniel – Counsel for Amicus

36. Cantor, James – Witness

37. Carr, Chris – Counsel for Amicus

38. Charles, Carl – Counsel for Plaintiffs

39. Chriss, Simone – Counsel for Plaintiffs

40. Chuang, Ming – Counsel for Amicus

41. Clark, Kaila – Counsel for Amicus

42. Commonwealth of Kentucky – Amicus

43. Commonwealth of Massachusetts – Amicus

44. Commonwealth of Virginia – Amicus

45. Cory, Alyssa L. – Counsel for Amicus

46. Coursolle, Abigail – Counsel for Plaintiffs

47. Dalton, Ann – Witness

48. DeBriere, Katherine – Counsel for Plaintiffs

49. Dekker, August – Plaintiff

50.  Ding, Michael – Counsel for Plaintiff/Third-Party Miriam Grossman

51.  District of Columbia – Amicus

52.  Do No Harm – Amicus

53.  Doe, Jane – Plaintiff

54.  Doe, John – Plaintiff

55.  Doe, Susan – Plaintiff

56.  Donovan, Kevin – Witness

57.  Dunn, Chelsea – Counsel for Plaintiffs

58.  Edmiston, E. Kale –Witness

59.  Endocrine Society – Amicus

60.  English, Jeffrey – Witness

61.  Ethics and Public Policy Center – Amicus

62.  Figlio, Erik – Counsel for Amicus

63.  Fitch, Lynn – Counsel for Amicus

64.  Florida Agency for Healthcare Administration – Defendant

65.  Florida Chapter of the American Academy of Pediatrics – Amicus

66.  Florida Policy Institute – Amicus

67.  Florida Voices for Health – Amicus

68. Gibson, Benjamin J. – Counsel for Amicus

69. Gonzalez-Pagan, Omar – Counsel for Plaintiffs

70. Griffin, Steven J. – Counsel for Amicus

71. Griffin, Tim – Counsel for Amicus

72. Grossman, Miriam – Witness/Third-Party Discovery Producer

73. Halley, Ted – Amicus

74. Hartnett, Kathleen – Counsel for Amicus

75. Hasson, Mary Rice – Counsel for Amicus

76. Helstrom, Zoe – Counsel for Amicus

77. Heyer, Walt – Amicus

78. Hilgers, Michael T. – Counsel for Amicus

79. Hinkle, Robert – U.S. District Court Judge

80. Hruz, Paul William – Witness

81. Hussein, Abdul-Latif  – Amicus

82. Hutton, Kim  – Witness

83. Isasi, William – Counsel for Amicus

84. Jacobs, Dylan L. – Counsel for Amicus

85. Janssen, Aron Christopher – Witness

86. Jazil, Mohammad – Counsel for Defendants

87. K.F. – Plaintiff

88.   Kaliebe, Kristopher Edward – Witness

89.   Kamody, Rebecca – Amicus

90.   Kang, Katelyn – Counsel for Amicus

91.   Karasic, Dan – Witness

92.   Kiefel, Camille  – Witness

93.   Kline, Robert – Counsel for Amicus

94.   Kniffin, Eric Nieuwenhuis – Counsel for Amicus

95.   Knudsen, Austin – Counsel for Amicus

96.   Kobach, Kris W. – Counsel for Amicus

97.   Krasovec, Joseph – Former Counsel for Amicus

98.   Kuper, Laura – Amicus

99.   Labrador, Raúl R. – Counsel for Amicus

100.   LaCour, Edmund G. Jr. – Counsel for Amicus

101.   Lannin, Cortlin – Counsel for Amicus

102.   Laidlaw, Michael – Witness

103.   Lannin, Cortlin – Counsel for Amicus

104.   Lappert, Patrick – Witness

105.   Ladue, Jade – Plaintiff

106.   Levine, Stephen – Witness

107.   Little, Joseph – Counsel for Plaintiffs

108.  Loewy, Karen L. – Counsel for Plaintiffs

109.  Marshall, Steve – Counsel for Amicus

110.  Marstiller, Simone – Former Defendant

111.  Mauler, Daniel  – Counsel for Amicus

112.  McCotter, R. Trent  – Counsel for Amicus

113.  McKee, Catherine  – Counsel for Plaintiffs

114.  McNamara, Meredithe  – Amicus

115.  Meszaros, Marie Connelly  – Amicus

116.  Miller, William  – Counsel for Plaintiffs

117.  Miyares, Jason  – Counsel for Amicus

118.  Mondry, Emily – Counsel for Amicus

119.  Morrisey, Patrick – Counsel for Amicus

120.  Morrison, Rachel N. – Amicus

121.  Nangia, Geeta – Witness

122.  National Association of Pediatric Nurse Practitioners – Amicus

123.  Nordby, Daniel E. – Counsel for Plaintiff/Third-Party Miriam Grossman  and Counsel for Amicus

124.  Norohna, Maya – Amicus

125.  Olezeski, Christy – Former Amicus

126.  Olson-Kennedy, Johanna – Witness

127.  Paxton, Ken – Counsel for Amicus

128.  Pediatric Endocrine Society – Amicus

129.  Perko, Gary – Counsel for Defendants

130.  Polston, Ricky L. – Counsel for Amicus

131.  Pratt, Christine – Amicus

132.  Pratt, Joshua E. – Counsel for Defendants

133.  Ramer, John – Counsel for Amicus

134.  Reinhardt, Elizabeth – Counsel for Amicus

135.  Reyes, Sean – Counsel for Amicus

136.  Richards, Jay W. – Amicus

137.  Rivaux, Shani – Counsel for Plaintiffs

138.  Rokita, Theodore E. – Counsel for Amicus

139.  Rothstein, Brit – Plaintiff

140.  Schechter, Loren – Witness

141.  Scott, Sophie – Witness

142.  Severino, Roger – Amicus

143.  Shaw, Gary – Counsel for Plaintiffs

144.  Sheeran, Andrew – General Counsel for Defendant AHCA

145.  Shumer, Daniel – Witness

146.  Skrmetti, Jonathan – Counsel for Amicus

147.   Societies for Pediatric Urology – Amicus

148.   Society for Adolescent Health and Medicine – Amicus

149.   Society for Pediatric Research – Amicus

150.   Society of Pediatric Nurses – Amicus

151.   State of Alabama – Amicus

152.   State of Arkansas – Amicus

153.   State of California – Amicus

154.   State of Delaware – Amicus

155.   State of Georgia – Amicus

156.   State of Idaho – Amicus

157.   State of Illinois – Amicus

158.   State of Indiana – Amicus

159.   State of Iowa – Amicus

160.   State of Kansas – Amicus

161.   State of Louisiana – Amicus

162.   State of Maryland – Amicus

163.   State of Mississippi – Amicus

164.   State of Missouri – Amicus

165.   State of Montana – Amicus

166.   State of Nebraska – Amicus

167. State of New York – Amicus

168. State of North Dakota – Amicus

169. State of Oregon – Amicus

170. State of Rhode Island – Amicus

171. State of South Carolina – Amicus

172. State of Tennessee – Amicus

173. State of Texas – Amicus

174. State of Utah – Amicus

175. State of West Virginia – Amicus

176. Szilagyi, Nathalie – Amicus

177. Thompson, David – Counsel for Amicus

178. Veroff, Julie – Counsel for Amicus

179. Veta, D. Jean – Counsel for Amicus

180. Van Meter, Quentin – Witness

181. Van Mol, Andre – Witness

182. Weida, Jason – Defendant

183. Wilson, Alan – Counsel for Amicus

184. World Professional Association for Transgender Health – Amicus

185. Zanga, Joseph – Witness

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ........................................................i

TABLE OF CONTENTS ...........................................................xi

TABLE OF AUTHORITIES ....................................................... xii

MEMORANDUM OF LAW IN SUPPORT OF MOTION ....................................3

CONCLUSION ..................................................................6

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.)*,
    471 F.3d 1233 (11th Cir. 2006) ............................................................3

*Conservancy of Sw. Fla. v. United States Fish & Wildlife Serv.*,
    2010 U.S. Dist. LEXIS 94003 (M.D. Fla. Sept. 9, 2010)....................4

*Dekker et al v. Weida et al*,
    4:22CV00325 (N.D. Fla. Apr. 25, 2023) ..............................................5

*Eknes-Tucker v. Marshall*,
    2022 WL 1521889 (M.D. Ala. May 13, 2022)......................................5

*Keohane v. Fla. Dep't of Corr. Sec'y*,
    952 F.3d 1257 (11th Cir. 2020), *cert. denied sub nom. Keohane v. Inch*, 142 S. Ct. 81 (2021)....................................................................2

*Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus.*,
    694 F.2d 203 (9th Cir. 1982) ................................................................4

*New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*,
    994 F.3d 1166 (10th Cir. 2021) ............................................................3

*News & Sun-Sentinel Co. v. Cox*,
    700 F. Supp. 30 (S.D. Fla. 1988) ..........................................................4

*Richardson v. Flores*,
    979 F.3d 1102 (5th Cir. 2020) ..............................................................3

*Straw v. Utah*,
    No. 23-4036, 2023 WL 4197651 (10th Cir. June 27, 2023) ................3

**Statutes**

Affordable Care Act (42 U.S.C. § 18116 et seq.)....................................6

Fla. Statutes § 286.31(2) (2023) ........................................................1, 2

Equal Protection Clause (U.S. Const. amend. XIV)..................................................6

Fla. Adm. Code R. 59G-1.050(7), later codified in Florida Statutes §
    286.311..................................................................................................1, 2

*Amici curiae* hereby respectfully move this Honorable Court for leave to file the attached brief of *amici curiae.* In support of this motion, *amici curiae* state as follows:

1.      *Amici curiae* are Hussein Abdul-Latif, Rebecca Kamody, Laura Kuper, Meredithe McNamara, Nathalie Szilagyi, and Anne Alstott (collectively, "*amici*").

2.      *Amici* respectfully move for leave to file their amicus brief in support of the district court's decision that the State of Florida's statute and rule prohibiting Medicaid payment for treatment of gender dysphoria violates the federal Medicaid statute, the Equal Protection Clause, and the Affordable Care Act's prohibition of sex discrimination. *See* Florida Statutes § 286.31(2) (2023) and Florida Administrative Code Rule 59G-1.050(7). *Amici* have met and conferred with the parties in good faith as required by the Local Rules, and both Plaintiffs and Defendants have indicated that they do not object to the filing of *amici*'s brief.

3.      The *amici* submitting this brief are a well-respected group of two Ph.D. child and adolescent psychologists, an M.D. child and adolescent psychiatrist, two M.D. physicians with specialties in pediatric endocrinology and adolescent medicine, and a law professor holding a tenured position at Yale Law School. All five scientists are also clinicians who treat transgender patients daily. Collectively, *amici* have over 40 years of clinical practice and have treated thousands of transgender individuals. All *amici* share an interest in the integrity of

medicine and science, and all are concerned that Florida's newly adopted statute and rule set a harmful, national precedent for denying standard medical care to transgender people who suffer from gender dysphoria.[1] *Amici* seek to offer this Court their professional insights regarding the life-saving benefits of gender-affirming care and the consequences that result from the denial of Medicaid benefits for such care, as would be required by Florida Statutes § 286.31(2) (2023) and Florida Administrative Code Rule 59G-1.050(7) (collectively, the "Florida Medicaid Bans"). *Amici*'s brief demonstrates that the Florida Medicaid Bans strip patients of long-established, effective, and evidence-based medical care. *Amici* have a strong interest in ensuring that this Court has sound scientific information at hand regarding the medical treatment of gender dysphoria, and their perspective will aid the Court in its consideration of the case.

**WHEREFORE**, *amici* respectfully request that the Court grant them leave to file their brief of *amici curiae*.

---

[1] Gender dysphoria is "the distress that may accompany the incongruence between one's experienced or expressed gender and one's assigned gender." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1262 (11th Cir. 2020), *cert. denied sub nom. Keohane v. Inch*, 142 S. Ct. 81 (2021) (quoting Am. Psych. Ass'n, Diagnostic and Statistical Manual of Mental Disorders 451 (5th ed. 2013)).

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

*Amici* seek to assist this Court in an area that is within their core expertise. Consistent with their clinical training and experience, *amici* focus on medical and psychological care for gender dysphoria. *Amici*'s proposed brief provides this Court with insight into the safety and effectiveness of gender-affirming care and demonstrates that the Florida Medicaid Bans lack scientific justification.

Federal courts have broad discretion to allow participation as *amicus curiae*. *See, e.g., New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.,* 994 F.3d 1166, 1175 (10th Cir. 2021); *Richardson v. Flores,* 979 F.3d 1102, 1106 (5th Cir. 2020).  Indeed, federal courts "possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.)*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). "The purpose of an amicus brief is to serve the court, so its acceptance is within the discretion of a court based on its view of the brief's utility in helping to resolve the issues before it." *Straw v. Utah*, No. 23-4036, 2023 WL 4197651, at *5 (10th Cir. June 27, 2023). In exercising their discretion, courts may consider whether the brief would aid their understanding of the issues, as well as the interests of those who are not represented in the litigation. Indeed, "[c]ourts have recognized that permitting friends of the court may be advisable where the third parties can contribute to the court's understanding of the matter in question."

*Conservancy of Sw. Fla. v. United States Fish & Wildlife Serv.*, 2010 U.S. Dist. LEXIS 94003 at *3 (M.D. Fla. Sept. 9, 2010). Particularly relevant for courts considering whether to accept *amicus curiae* submissions is whether "the amicus has a special interest." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988). As commentators have stressed, *amici* are often in a superior position to focus the court's attention on the broad implications of various possible rulings. R. Stern, E. Greggman & S. Shapiro, Supreme Court Practice, 570-71 (1986) (quoting Ennis, Effective Amicus Briefs, 33 CATH. U. L. REV. 603, 608 (1984)); *see also Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) ("[A]mici fulfill[] the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.").

That is precisely the assistance *amici* offer the Court here. Their perspectives as clinicians are unique. *Amici* have seen firsthand the importance of patients having access to gender-affirming care. Transgender individuals, as well as the parents and guardians of transgender minors, regularly seek the advice of *amici*, in a professional capacity, and *amici* offer advice concerning the proper course of treatment upon a diagnosis of gender dysphoria, in accordance with well-established standards of care. *Amici* have a special interest in the outcome of this litigation because the disposition will have a direct impact on the health outcomes for Florida patients,

specifically doctor-patient decision-making as it relates to gender-affirming medical care.  For these reasons, federal courts have permitted *amici* to file briefs in matters concerning similar laws targeting gender-affirming care. *See, e.g., Eknes-Tucker v. Marshall*, 2022 WL 1521889, at *2 (M.D. Ala. May 13, 2022) and *Dekker et al v. Weida et al*, 4:22CV00325 (N.D. Fla. Apr. 25, 2023) (allowing this group of *amici*, among others, to file briefs).

Because *amici* have special expertise that can aid the Court and the parties in resolving this case of great public interest, the Court should grant *amici*'s unopposed motion for leave to file their amicus brief.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that this Court grant their motion for leave to file their proposed *amicus curiae* brief in support of the district court's decision that the Medicaid Bans violate the Fourteenth Amendment's Equal Protection Clause and the Affordable Care Act.

Respectfully submitted,

Hussein Abdul-Latif, Rebecca Kamody, Laura Kuper, Meredithe McNamara, Nathalie Szilagyi, and Anne Alstott

By and through their counsel,

ARENTFOX SCHIFF LLP

*/s/ David C. Blickenstaff*
David C. Blickenstaff
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone:  312.258.5637
Facsimile:   312.258.5600

Alison L. Andersen
ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, DC 20006
Telephone:  202.857.6000
Facsimile:   202.857.6395

*Counsel for Amici Curiae*

6

## CERTIFICATE OF SERVICE

I hereby certify that, on December 1, 2023, this notice was filed through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ David C. Blickenstaff*
David C. Blickenstaff