No. 23-12155

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

AUGUST DEKKER, ET AL.,

*Plaintiffs-Appellees,*

v.

SECRETARY, FLORIDA AGENCY FOR HEALTH CARE
ADMINISTRATION, ET AL.,

*Defendants-Appellants*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
CIVIL ACTION NO. 4:22-CV-00325-RH-MAF

*FLORIDA POLICY INSTITUTE & FLORIDA VOICES FOR HEALTH
AMICI CURIAE BRIEF IN SUPPORT OF* **PLAINTIFFS-APPELLEES**

Robert M. Kline
McDermott Will & Emery LLP
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Tel: 305-347-6537
rkline@mwe.com

Ming H. Chuang
McDermott Will & Emery LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: 310-788-6056
mchuang@mwe.com

*Counsel for Amici Curiae*

CASE NO. 23-12155

**AUGUST DEKKER, ET AL. v. SECRETARY, FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ET AL.**

**CORPORATE DISCLOSURE STATEMENT AND CERTIFICATE OF INTERESTED PERSONS**

Amici Curiae Florida Policy Institute ("FPI") and Florida Voices for Health ("FVH") are nonprofit organizations and do not issue stock. Pursuant to Federal Rule of Appellate Procedure 26.1, FPI and FVH state that none of them has parent corporations, and no publicly held corporation owns 10% or more of the stock of FPI and FVH.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, FPI and FVH state that the following persons and entities have an interest in the outcome of the case and this appeal.

1.      Academic Pediatric Association, Amicus

2.      Alstott, Anne, Amicus

3.      Altman, Jennifer, Counsel for Plaintiffs

4.      American Academy of Child and Adolescent Psychiatry, Amicus

5.      American Academy of Family Physicians, Amicus

6.      American Academy of Nursing, Amicus

7.      American Academy of Pediatrics, Amicus

CASE NO. 23-12155

**AUGUST DEKKER, ET AL. v. SECRETARY, FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ET AL.**

8.      American College of Obstetricians and Gynecologists, Amicus

9.      American College of Osteopathic Pediatricians, Amicus

10.     American College of Physicians, Amicus

11.     American Medical Association, Amicus

12.     American Pediatric Society, Amicus

13.     American Psychiatric Association, Amicus

14.     Anderson, Barrett, Counsel for Amicus

15.     Association of American Medical Colleges, Amicus

16.     Bardos, Andy, Counsel for Amicus

17.     Barnes, Brian, Counsel for Amicus

18.     Beato, Michael, Counsel for Defendants

19.     Biomedical Ethics and Public Health Scholars, Amicus

20.     Boergers, Kathleen, Counsel for Amicus

21.     Boulware, Susan, Amicus

22.     Boyden Gray PLLC, Counsel for Amicus

23.     Bowdre, Alexander, Counsel for Amicus

24.     Brown, Louis, Jr., Amicus

CASE NO. 23-12155

**AUGUST DEKKER, ET AL. v. SECRETARY, FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ET AL.**

25.      Burleigh, Clifton, Jr., Amicus

26.      Charles, Carl, Counsel for Plaintiffs

27.      Chriss, Simone, Counsel for Plaintiffs

28.      Chuang, Ming, Counsel for Amicus

29.      Clark, Kaila, Counsel for Amicus

30.      Commonwealth of Massachusetts, Amicus

31.      Coursolle, Abigail, Counsel for Plaintiffs

32.      Debriere, Katherine, Counsel for Plaintiffs

33.      Dekker, August, Plaintiff

34.      District of Columbia, Amicus

35.      Do No Harm, Amicus

36.      Doe, Jane, Plaintiff

37.      Doe, John, Plaintiff

38.      Doe, Susan, Plaintiff

39.      Dunn, Chelsea, Counsel for Plaintiffs

40.      Endocrine Society, Florida Chapter of the American Academy of Pediatrics, Amicus

41.      Figlio, Erik, Counsel for Amicus

CASE NO. 23-12155

**AUGUST DEKKER, ET AL. v. SECRETARY, FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ET AL.**

42.       Florida Agency for Health Care Administration, Defendant

43.       Florida Chapter of the American Academy of Pediatrics, Amicus

44.       Florida Policy Institute, Amicus

45.       Florida Voices for Health, Amicus

46.       Gonzalez-Pagan, Omar, Counsel for Plaintiffs

47.       Halley, Ted, Amicus

48.       Hartnett, Kathleen, Counsel for Amicus

49.       Helstrom, Zoe, Counsel for Amicus

50.       Heyer, Walt, Amicus

51.       Hinkle, Robert, U.S. District Court Judge

52.       Hussein, Abdul-Latif, Amicus

53.       Isasi, William, Counsel for Amicus

54.       Jazil, Mohammad, Counsel for Defendants

55.       K.F., Plaintiff

56.       Kamody, Rebecca, Amicus

57.       Kang, Katelyn, Counsel for Amicus

58.       Kline, Robert, Counsel for Amicus

CASE NO. 23-12155

**AUGUST DEKKER, ET AL. v. SECRETARY, FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ET AL.**

59.     Kniffin, Eric, Counsel for Amicus

60.     Krasovec, Joseph, Counsel for Amicus

61.     Kuper, Laura, Amicus

62.     Lannin, Cortlin, Counsel for Amicus

63.     Laudue, Jade, Plaintiff

64.     Little, Joseph, Counsel for Plaintiffs

65.     Marstiller, Simone, Former Defendant

66.     Mauler, Daniel, Counsel for Amicus

67.     McCotter, R. Trent, Counsel for Amicus

68.     McKee, Catherine, Counsel for Plaintiffs

69.     McNamara, Meredithe, Amicus

70.     Meszaros, Marie, Amicus

71.     Miller, William, Counsel for Plaintiffs

72.     Mondry, Emily, Counsel for Amicus

73.     Morrison, Rachel, Amicus

74.     National Association of Pediatric Nurse Practitioners, Amicus

75.     Norohna, Maya, Amicus

CASE NO. 23-12155

**AUGUST DEKKER, ET AL. v. SECRETARY, FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ET AL.**

76.     North Central Florida Council of Child and Adolescent Psychiatry, Amicus

77.     Olezeski, Christy, Amicus

78.     Pediatric Endocrine Society, Amicus

79.     Perko, Gary, Counsel for Defendants

80.     Pratt, Christine, Amicus

81.     Pratt, Joshua, Counsel for Defendants

82.     Ramer, John, Counsel for Amicus

83.     Reinhardt, Elizabeth, Counsel for Amicus

84.     Richards, Jay, Amicus

85.     Rivaux, Shani, Counsel for Plaintiffs

86.     Rothstein, Brit, Plaintiff

87.     Samuels, Valerie, Counsel for Amicus

88.     Severino, Roger, Amicus

89.     Shaw, Gary, Counsel for Plaintiffs

90.     Societies for Pediatric Urology, Amicus

91.     Society for Adolescent Health and Medicine, Amicus

92.     Society for Pediatric Research, Amicus

CASE NO. 23-12155

**AUGUST DEKKER, ET AL. v. SECRETARY, FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ET AL.**

93.      Society of Pediatric Nurses, Amicus

94.      State of Alabama, Amicus

95.      State of Arkansas, Amicus

96.      State of California, Amicus

97.      State of Delaware, Amicus

98.      State of Georgia, Amicus

99.      State of Illinois, Amicus

100.      State of Indiana, Amicus

101.      State of Iowa, Amicus

102.      State of Kentucky, Amicus

103.      State of Louisiana, Amicus

104.      State of Maryland, Amicus

105.      State of Mississippi, Amicus

106.      State of Missouri, Amicus

107.      State of Montana, Amicus

108.      State of Nebraska, Amicus

109.      State of New York, Amicus

CASE NO. 23-12155

**AUGUST DEKKER, ET AL. v. SECRETARY, FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, ET AL.**

110.    State of North Dakota, Amicus

111.    State of Oregon, Amicus

112.    State of Rhode Island, Amicus

113.    State of South Carolina, Amicus

114.    State of Tennessee, Amicus

115.    State of Texas, Amicus

116.    State of Utah, Amicus

117.    State of Virginia, Amicus

118.    Szilagyi, Nathalie, Amicus

119.    Thompson, David, Counsel for Amicus

120.    Veroff, Julie, Counsel for Amicus

121.    Veta, D. Jean, Counsel for Amicus

122.    Weida, Jason, Defendant

123.    World Professional Association for Transgender Health, Amicus

Pursuant to Federal Rule of Appellate Procedure 26.1-2, Amici Curiae FPI and FVH certify that the CIP contained herein is complete.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT AND CERTIFICATE OF INTERESTED PERSONS ......................................................................... C-1

TABLE OF CONTENTS .....................................................................................i

TABLE OF AUTHORITIES................................................................................ ii

STATEMENT OF AMICI CURIAE'S IDENTITY, INTEREST, AND AUTHORITY TO FILE ........................................................................................1

ARGUMENT........................................................................................................3

     I. Introduction................................................................................................3

     II. The Floridians Who Need Medicaid ......................................................4

     III. Florida's High Cost of Living Puts an Extra Squeeze on Low-Income Floridians ...........................................................................6

     IV. The Importance of Medicaid to Floridians .......................................10

     V. Gender-Affirming Care Is a Medically Necessary Service under Medicaid .............................................................................12

CONCLUSION ...................................................................................................14

CERTIFICATE OF COMPLIANCE ..................................................................16

CERTIFICATE OF SERVICE ...........................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Dekker v. Weida*, No. 4:22CV325-RH-MAF, 2023 WL 4102243, at *8
(N.D. Fla. June 21, 2023) ............................................................13

**Statutes**

Florida Administrative Code Annotated Rule 65A-1.703................................5

Florida Administrative Code Annotated Rule 65A-1.707................................6

Iowa Administrative Code Annotated Rule 441-75.71(249A) .......................11

New Mexcio Code § 8.295.500.10....................................................11

**Regulations**

Annual Update of the HHS Poverty Guidelines, 88 Fed. Reg. 3424
(Jan. 19, 2023) (notice)....................................................................4

**Other Authorities**

Alex Montero, et al., *Americans' Challenges with Health Care Costs*,
Figure 2 (July 14, 2022), https://www.kff.org/health-
costs/issue-brief/americans-challenges-with-health-care-
costs/(last visited Nov. 27, 2023)...............................................3

Amy K. Glasmeier, *Living Wage Calculator*,
https://livingwage.mit.edu (last visited Nov. 27, 2023).................6, 11

Amy K. Glasmeier, *Living Wage Calculator, User's Guide / Technical
Notes, 2022-2023 Update*,
https://livingwage.mit.edu/resources/Living-Wage-Users-
Guide-Technical-Documentation-2023-02-01.pdf (last visited
Nov. 27, 2023) .............................................................................7

Centers for Medicare & Medicaid Services, *Florida May 2023 Data Letter*, https://www.medicaid.gov/sites/default/files/2023-08/fl-may-2023-unwinding-data-ltr_0.pdf (last visited Nov. 27, 2023) ...........................................................................................14

Christopher M. Whaley, et al., *Prices Paid to Hospitals by Private Health Plans: Findings from Round 4 of an Employer-Led Transparency Initiative*, https://www.rand.org/pubs/research_reports/RRA1144-1.html (last visited Nov. 27, 2023) ...........................................................8, 9

The Commonwealth Fund, *Florida: A collection of research on health system performance in Florida, Consumer Insurance & Medical Costs*, https://www.commonwealthfund.org/datacenter/florida (last visited Nov. 22, 2023) ...................................................................8

Florida Department of Agriculture and Consumer Services, *COVID-19: Unveiling Its Impact on Food Insecurity in Florida*, https://www.fdacs.gov/content/download/94403/file/COVID- FoodInsecurityImpact-Infographic.pdf (last visited Nov. 27, 2023) .........................................................................................7

Florida Department of Children and Families, *ESS Program Policy Manual, Appendix A-7 Family-Related Medicaid Income Limit Chart*, https://www.myflfamilies.com/services/public-assistance/additional-resources-and-services/ess-program-manual (last visited Nov. 27, 2023) .......................................................5, 6

Michigan Department of Health & Human Services, *Bridges Eligibility Policy Manuals, Healthy Kids*, https://dhhs.michigan.gov/olmweb/ex/bp/public/bem/131.pdf (last visited Nov. 27, 2023) ...................................................11

Missouri Department of Social Services, *Family MO HealthNet (MAGI) Manual, 1830.010.05 Income Maximums/Need*, https://dssmanuals.mo.gov/family-mo-healthnet-magi/1830-000-00/1830-010-00/1830-010-05/ (last visited Nov. 27, 2023) ...........11

iii

Nevada Department of Health and Human Services Division of
    Welfare and Supportive Services, *Medical Assistance Manual, B-*
    *100 - Modified Adjusted Gross Income*,
    https://dwss.nv.gov/Medical/Medical-Manual-3-CONT/ (last
    visited Nov. 27, 2023) ..............................................................................11

U.S. Bureau of Economic Analysis, *Personal Consumption Expenditures*
    *by State, 2021, Table 4. Per Capita Personal Consumption*
    *Expenditures, by State & Region for Select Categories, 2021* (Oct. 6,
    2022), available at
    https://www.bea.gov/sites/default/files/2022-
    10/pce1022_0_0.pdf (last visited Nov. 27, 2023)...............................6, 10

U.S. Bureau of Labor Statistics, *Consumer Price Index, Tampa-St.*
    *Petersburg-Clearwater - September 2023*,
    https://www.bls.gov/regions/southeast/news-
    release/consumerpriceindex_tampa.htm (last visited Nov. 27,
    2023) ...............................................................................................9

## STATEMENT OF AMICI CURIAE'S IDENTITY, INTEREST, AND AUTHORITY TO FILE[1]

Amici Curiae are FPI and FVH.  FPI is an independent, non-partisan, and non-profit organization dedicated to advancing policies and budgets that improve the economic mobility and quality of life for all Floridians. FVH is a coalition of community organizations, businesses, and individuals working to create a health care system that works for every Floridian.

Both FPI and FVH assist the most vulnerable Floridians to access limited, critical resources, including Medicaid coverage.  FPI and FVH submit this brief in support of the Plaintiffs-Appellees and their fundamental well-being, so that they continue to receive the medically

---

[1] Pursuant to Federal Rule of Appellate Procedure 29(a)(2), the counsel for Amici Curiae states that it conferred with counsel for the Plaintiffs-Appellees and counsel for the Defendants-Appellants on October 5, 2023 regarding filing this brief.  Counsel for all parties indicated that they did not object.

Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), Amici Curiae state that: (i) there is no party or counsel for a party in the pending appeal who authored the *amicus* brief in whole or in part; (ii) there is no party or counsel for a party in the pending appeal who contributed money that was intended to fund preparing or submitting the brief; and (iii) no person or entity contributed money that was intended to fund preparing or submitting the brief.

necessary healthcare that they so desperately need and which they cannot obtain without Medicaid. Indeed, the income of Medicaid beneficiaries, including Plaintiffs-Appellees, is so low that it is exceedingly difficult for those individuals to cover their most fundamental expenses, like modest rent and basic nutrition, let alone pay for medically necessary healthcare.

Accordingly, Amici Curiae hereby hope to facilitate this Court's understanding of low-income Floridians and the struggles that they experience as they try to access medically necessary healthcare through Medicaid in Florida.

## ARGUMENT

## I.    Introduction

Medicaid covers millions of Floridians, most of whom are children, and many of whom are disabled or in foster care. Amici Curiae submit this brief to raise awareness concerning the important role that Medicaid plays to ensure that the lowest income Floridians have access to medically necessary healthcare.

Indeed, but for Medicaid, too many Floridians would be forced to delay, if not forego entirely, medically necessary treatment that they require. Even with insurance, 48% of insured adults under the age of 65 in America said they have postponed getting health care they needed due to cost. *See* Alex Montero, et al., *Americans' Challenges with Health Care Costs*, Figure 2 (July 14, 2022), https://www.kff.org/health-costs/issue-brief/americans-challenges-with-health-care-costs/ (last visited Nov. 27, 2023). Worse yet, 37% of such insured adults reported they have skipped recommended tests or treatment due to cost. *See id.*

Unquestionably, delayed treatment routinely leads to more serious, more expensive conditions. And, in many tragic situations, the inability to access prompt medically necessary care can lead to increased morbidity and

mortality rates (*i.e.*, otherwise preventable death).  For example, a person with untreated diabetes may develop complications that require more expensive and invasive treatments, such as amputations or dialysis. As another example, delaying certain care like cancer screenings can result in more advanced cancer diagnoses, which are more difficult and expensive to treat.  This fundamental concept that delayed medically necessary care often leads to more expensive and severe outcomes applies with equal force to other conditions, including but not limited to gender dysphoria.

## II.    The Floridians Who Need Medicaid

As reflected in detail below, Floridians who receive medically necessary care through Medicaid live very modestly. Indeed, without Medicaid coverage, they simply cannot afford to receive medically necessary treatment.

To qualify for state Medicaid under mandatory or optional coverage, individuals and families must meet applicable income requirements.  The U.S. Department of Health and Human Services ("HHS") annually updates the federal poverty guidelines (commonly referred to as the federal poverty level or "FPL").  In 2023, the FPL for a single person is only $14,580, and the FPL for a family of three is only modestly more at $24,860.  *See* Annual

4

Update of the HHS Poverty Guidelines, 88 Fed. Reg. 3424 (Jan. 19, 2023) (notice).

For children to qualify for full Medicaid coverage in Florida, the income of a family with a child between ages one and eighteen must be less than or equal to 133% of FPL.[2]  *See* Florida Administrative Code Annotated Rule 65A-1.703(2)(a); *see also* Florida Department of Children and Families, *ESS Program Policy Manual, Appendix A-7 Family-Related Medicaid Income Limit Chart*, https://www.myflfamilies.com/services/public-assistance/additional-resources-and-services/ess-program-manual (last visited Nov. 27, 2023).

Adults are generally ineligible for Medicaid, and they may receive Medicaid coverage only if they meet extraordinarily low-income thresholds and are part of a family with children or qualify by age or disability.  The household income limit for parents or caregivers who receive Medicaid coverage through their minor child is only *$590 per month* for a family of three.  *See* Florida Administrative Code Annotated Rule 65A-1.703(2)(a)(4) &

---

[2] The income of a family with a child younger than one year-old must be less than or equal to 200% of FPL.  Florida Administrative Code Annotated Rule 65A-1.703(2)(a).

65A-1.707(2); *see also* Florida Department of Children and Families, *ESS Program Policy Manual.*

### III. Florida's High Cost of Living Puts an Extra Squeeze on Low-Income Floridians

In juxtaposition with Florida's stringent income limitations for Medicaid eligibility, the cost of living in Florida is rising rapidly. As an indicator that reflects the cost of living, the total personal consumption expenditures ("PCE") for Florida in 2021 was $50,689 *per person*. *See* U.S. Bureau of Economic Analysis, *Personal Consumption Expenditures by State, 2021, Table 4. Per Capita Personal Consumption Expenditures, by State & Region for Select Categories, 2021* (Oct. 6, 2022), available at https://www.bea.gov/sites/default/files/2022-10/pce1022_0_0.pdf (last visited Nov. 27, 2023). A recent study from the Massachusetts Institute of Technology indicates that a household of three in Florida, with one working adult and one child, must earn a minimum of $71,281.60 annually to meet the family's basic needs under its "living wage"[3] standard. *See* Amy K.

---

[3] The researchers at the Department of Urban Studies and Planning at the Massachusetts Institute of Technology have developed this living wage calculator as an alternative measure of basic needs. The living wage model is a "market-based approach that draws upon geographically specific expenditure data related to a family's likely minimum food, childcare, health

Glasmeier, *Living Wage Calculator*, https://livingwage.mit.edu/states/12 (last visited Nov. 27, 2023).  Facing a cost of living that is several times higher than the levels of income that qualify them for Medicaid, many Floridians have struggled to cover their living expenses such as housing food, and other essentials.  In fact, 3.4 million Floridians recently reported experiencing food insecurity.  Florida Department of Agriculture and Consumer Services, *COVID-19: Unveiling Its Impact on Food Insecurity in Florida*, https://www.fdacs.gov/content/download/94403/file/COVID-FoodInsecurityImpact-Infographic.pdf (last visited Nov. 27, 2023).  Without Medicaid, many working Floridians have no viable means to cover their necessary medical expenses.

Consistent with its high cost of living, Florida ranks among the states with the highest health care cost.  For example, Florida workers with

---

insurance, housing, transportation, and other basic necessities (*e.g.*, clothing, personal care items, etc.) costs.  The living wage draws on these cost elements and the rough effects of income and payroll taxes to determine the minimum employment earnings necessary to meet a family's basic needs while also maintaining self-sufficiency."  Amy K. Glasmeier, *Living Wage Calculator, User's Guide / Technical Notes, 2022-2023 Update*, https://livingwage.mit.edu/resources/Living-Wage-Users-Guide-Technical-Documentation-2023-02-01.pdf (last visited Nov. 19, 2023). Furthermore, the wage calculator assumes that the working adult is working full-time at 2,080 hours annually.  *Id.*

employer-sponsored health plans paid an average of $8,429 for out-of-pocket medical costs (*i.e.*, premium contribution and deductible) in 2021, which was equivalent to 14.5% of the state median income and above the national average.  The Commonwealth Fund, *Florida: A collection of research on health system performance in Florida*, *Consumer Insurance & Medical Costs*, https://www.commonwealthfund.org/datacenter/florida (last visited Nov. 22, 2023).  The cost of receiving hospital care is also higher in Florida. Namely, private health plans in Florida paid *more than triple* Medicare prices for hospital services rendered to Floridians (*i.e.*, the health plans paid relative prices[4] that were above 310% of Medicare prices).  Christopher M. Whaley, et al., *Prices Paid to Hospitals by Private Health Plans: Findings from Round 4 of an Employer-Led Transparency Initiative*, vii, https://www.rand.org/ pubs/ research_reports/RRA1144-1.html (last visited Nov. 27, 2023).    In comparison, private health plans in other states such as Hawaii, Arkansas,

---

[4] Relative price is "the ratio of the actual private insurer–allowed amount divided by the Medicare-allowed amount for the same services provided by the same hospital" whereas Medicare prices refer to the amounts for the services provided by hospitals that Medicare is willing to pay. See Christopher M. Whaley, et al., *Prices Paid to Hospitals by Private Health Plans, Findings from Round 4 of an Employer-Led Transparency Initiative*, vi, https://www.rand.org/pubs/ research _reports /RRA1144-1.html (last visited Nov. 22, 2023).

and Washington, for example, paid relative prices for hospital care at below 175% of Medicare prices. *Id.* As reflected by these indicators, Florida's high health care cost is a burden to many of its working residents, including those who have health care coverage from their employers, let alone the low-income working Floridians who must rely on Medicaid.

Furthermore, the September 2023 consumer price index ("CPI") for Florida's Tampa-St. Petersburg-Clearwater areas indicates that the over-all cost of consumer goods and services such as food, housing, and medical expenses increased by 6.7% during the period of September 2022 to September 2023. U.S. Bureau of Labor Statistics, *Consumer Price Index, Tampa-St. Petersburg-Clearwater - September 2023*, https://www.bls.gov/regions/southeast/news-release/consumerpriceindex_tampa.htm (last visited Nov. 27, 2023). These increases are typical of those seen throughout the State of Florida. With the increase in consumer price inflation, the Floridians who qualify and need Medicaid coverage will have even more difficulty keeping pace with the cost of living this year compared with last year.

9

## IV.    The Importance of Medicaid to Floridians

Florida's relatively high cost of living compared to many other states makes Medicaid coverage critical to ensure that low-income Floridians can access medically necessary healthcare.  Unsurprisingly, those living at or near the poverty level must dedicate essentially all their limited income to cover their most basic expenses (*e.g.*, housing, food, and transportation).  Consequently, but for Medicaid coverage, Floridians living at or near the poverty level generally must forego receiving necessary medical care because they cannot afford it.

Unlike Florida, many states ensure that a smaller ratio of their low-income residents are not forced to choose between covering housing and food expenses and receiving necessary medical care.  States, including Iowa, Michigan, Missouri, Nevada, and New Mexico, for example, have a lower cost of living[5] compared to Florida.  Nonetheless, those states establish a less

---

[5] The PCE for Iowa was *$41,758* per person, for Michigan was *$45,591* per person, for Missouri was $*44,990* per person, for Nevada in 2021 was *$44,831* per person, and for New Mexico in 2021 was *$40,028* per person.  *See* U.S. Bureau of Econ. Analysis, *Personal Consumption Expenditures by State, 2021, Table 4*.  The living wage standard for a family of three with one working adult and one child in 2023 for Iowa is *$65,998.40*, for Michigan is *$65,582.40*, for Missouri is *$67,412.80*, for Nevada is *$70,886.40*, for New Mexico is

restrictive household income eligibility to ensure that more of their low-income residents may qualify for Medicaid to receive medical care. Specifically, the household income may be up to 167% of FPL in Iowa[6], 160% of FPL in Michigan[7], and 148% of FPL in Missouri[8] for a child between ages one to eighteen to qualify for Medicaid. The household income may be up to 165% of FPL in Nevada[9] for a child under age six to qualify for Medicaid while the household income may be up to 240% of FPL in New Mexico[10] for a child between six and nineteen to qualify. Families in those states can earn modestly more and still receive medically necessary care from their states.

---

*$68,057.60.    See* Amy K. Glasmeier, *Living Wage Calculator*, https://livingwage.mit.edu/ (last visited Nov. 27, 2023).

[6] Iowa Administrative Code Annotated Rule 441-75.71(249A).

[7] Michigan Department of Health & Human Services, *Bridges Eligibility Policy Manuals, Healthy Kids*, https://dhhs.michigan.gov/olmweb/ex/bp/public/bem/131.pdf (last visited Nov. 27, 2023).

[8] Missouri Department of Social Services, *Family MO HealthNet (MAGI) Manual, 1830.010.05 Income Maximums/Need*, https://dssmanuals.mo.gov/family-mo-healthnet-magi/1830-000-00/1830-010-00/1830-010-05/ (last visited Nov. 27, 2023).

[9] Nevada Department of Health and Human Services Division of Welfare and Supportive Services, *Medical Assistance Manual, B-100 - Modified Adjusted Gross Income*, https://dwss.nv.gov/Medical/Medical-Manual-3-CONT/ (last visited Nov. 27, 2023).

[10] New Mexico Code § 8.295.500.10.

With a relatively higher cost of living in Florida, along with its more restrictive income eligibility criteria compared to those states, Florida's Medicaid program is exceedingly important for many Floridians. Medicaid coverage is especially important for the lowest income Floridians because it provides access to a wide range of health care services, including preventive care, primary care, specialist care, hospital care, prescription drugs, and mental health services. Medicaid also covers many long-term care services, such as nursing home care and home health care, which can be very expensive for families to pay for out-of-pocket. And, until very recently, Medicaid in Florida covered medically necessary care for gender dysphoria. When doctors determine that a certain treatment is medically necessary for their Medicaid-eligible patients, Medicaid should cover that treatment. It is not a political issue. It is not a culture war issue. It is an issue of medical necessity. It is, quite literally, about need.

## V. Gender-Affirming Care Is a Medically Necessary Service under Medicaid

The District Court determined, after its careful consideration of significant evidence, that access to gender-affirming care can help improve mental health and reduce the risk of suicide among transgender

12

individuals.[11]  Indeed, the District Court reviewed the testimony of "well-qualified doctors who have treated thousands of transgender patients with GnRH agonists and cross-sex hormones over their careers and have achieved excellent results" and found "their testimony that denial of this treatment will cause needless suffering for a substantial number of patients and will increase anxiety, depression, and the risk of suicide."[12]  Unquestionably, treatment that reduces the risk of suicide is medically necessary.

Appellants, however, doggedly seek to deprive this vulnerable population of medically necessary treatments that could, quite literally, save their lives. As set forth above, Medicaid beneficiaries in Florida are spread thin financially.  They must also navigate byzantine regulations[13] to receive

---

[11] *Dekker v. Weida*, No. 4:22CV325-RH-MAF, 2023 WL 4102243, at *8 (N.D. Fla. June 21, 2023).

[12] *Id*.

[13] In Florida, approximately 14% of Medicaid eligibility redeterminations have resulted in coverage termination based on procedural reasons for May 2023.  Starting on April 1, 2023, Florida began redetermining the eligibility of its Medicaid beneficiaries due to the expiration of the Medicaid continuous coverage provision, which prohibited states from disenrolling Medicaid beneficiaries during the COVID-19 Public Health Emergency.  Due to such high percentage of termination for procedural reasons as reported by Florida to the Centers for Medicare & Medicaid Services ("CMS"), CMS issued a letter dated August 9, 2023 to the Florida Agency for Health Care Administration expressing its concerns about eligible Medicaid beneficiaries

the most basic level of health care while trying to get food on the table every day.  Florida should be going out of its way to make life more manageable for its most vulnerable citizens, not do everything in its vast power to make life more difficult for those who have the least.

Accordingly, for those who are eligible for Medicaid, Medicaid coverage for gender dysphoria treatment is crucial for improving health outcomes and reducing health disparities for Medicaid-eligible transgender and gender-nonconforming individuals.

## CONCLUSION

For the reasons set forth in this brief, Amici Curiae urge this Court to uphold the district court's ruling and in favor of the Plaintiffs-Appellees.

---

losing their coverage.  Specifically, CMS highlighted that "this high percent raises concerns that eligible individuals, including children, may be losing coverage" and warned that "a high rate of procedural terminations may indicate that beneficiaries may not be receiving notices, are unable to understand them, or are unable to submit their renewal through the required modalities."  Centers for Medicare & Medicaid Services, *Florida May 2023 Data Letter*, https://www.medicaid.gov/sites/default/files/2023-08/fl-may-2023-unwinding-data-ltr_0.pdf (last visited Nov. 27, 2023).  It seems that Florida is deliberately going out of its way to make it as difficult as possible for the most vulnerable Floridians to get care that they need.

14

Dated:  December 4, 2023

Respectfully submitted,

Robert M. Kline
McDermott Will & Emery LLP
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
305-347-6537
rkline@mwe.com

Ming H. Chuang
McDermott Will & Emery LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: 310-788-6056
mchuang@mwe.com

*Counsel for Amici Curiae*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify, pursuant to Federal Rule of Appellate Procedure 32(g) and Eleventh Circuit Rule 28-1(m), that this brief complies with the type-volume limit of Federal Rules of Appellate Procedure 29(a)(5) and 32(a)(7)(B) because, excluding the portions of the brief exempted by Federal Rule of Appellate Procedure Rule 32(f), the brief contains 2,709 words.

I further certify that this brief complies with the typeface requirements and the type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: December 4, 2023

_____

Robert M. Kline

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit, using the CM/ECF system of the Court.  I certify that all participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: December 4, 2023

Robert M. Kline

DM_US 200849514-5.099848.0030

17