No. 23-12155

# In the United States Court of Appeals for the Eleventh Circuit

---

*August Dekker et al.*,
Plaintiff-Appellees,

*v.*

*Secretary, Florida Agency for Health Care Administration et al.*,
Defendant-Appellants.

U.S. District Court for the Northern District of Florida, No. 4:22-cv-325
(Hinkle, J.)

---

**MOTION TO DEEM PROPERLY FILED
TWO *AMICUS CURIAE* BRIEFS
PREVIOUSLY FILED ON OCTOBER 13, 2023**

---

R. TRENT MCCOTTER
Boyden Gray PLLC
801 17th Street, NW
Suite 350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com
Counsel for *Amici Curiae*

*August Dekker et al. v. Secretary, Florida Agency for Health Care Administration*
No. 23-12155

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Amicus provides this Certificate of Interested Persons and Corporate Disclosure Statement. To the best of amicus's knowledge, the following persons and entities may have an interest in the outcome of this case:

1. Academic Pediatric Association, *Amicus*

2. Alstott, Anne, *Amicus*

3. Altman, Jennifer, *Counsel for Plaintiffs*

4. American Academy of Child and Adolescent Psychiatry, *Amicus*

5. American Academy of Family Physicians, *Amicus*

6. American Academy of Nursing, *Amicus*

7. American Academy of Pediatrics, *Amicus*

8. American College of Obstetricians and Gynecologists, *Amicus*

9. American College of Osteopathic Pediatricians, *Amicus*

10. American College of Physicians, *Amicus*

11. American Medical Association, *Amicus*

*August Dekker et al. v. Secretary, Florida Agency for Health Care Administration*
No. 23-12155

12. American Pediatric Society, *Amicus*

13. American Psychiatric Association, *Amicus*

14. Anderson, Barrett, *Counsel for Amicus*

15. Antommaria, Armand, *Witness*

16. Association of American Medical Colleges, *Amicus*

17. Baker, Kellan, *Witness*

18. Bardos, Andy, *Counsel for Amicus*

19. Barnes, Brian, *Counsel for Amicus*

20. Beato, Michael, *Counsel for Defendants*

21. Biomedical Ethics and Public Health Scholars, *Amicus*

22. Boergers, Kathleen, *Counsel for Amicus*

23. Boulware, Susan, *Amicus*

24. Boyden Gray PLLC, *Counsel for Amicus*

25. Bowdre, Alexander, *Counsel for Amicus*

26. Brackett, John Matthew, *Witness*

27. Brown, Louis, Jr., *Amicus*

28. Burleigh, Clifton, Jr., *Amicus*

29. Charles, Carl, *Counsel for Plaintiffs*

30. Chriss, Simone, *Counsel for Plaintiffs*

31. Chuang, Ming, *Counsel for Amicus*

32. Clark, Kaila, *Counsel for Amicus*

33. Coursolle, Abigail, *Counsel for Plaintiffs*

34. Dalton, Ann, *Witness*

35. Debriere, Katherine, *Counsel for Plaintiffs*

36. Dekker, August, *Plaintiff*

37. Do No Harm, *Amicus*

38. Doe, Jane, *Plaintiff*

39. Doe, John, *Plaintiff*

40. Doe, Susan, *Plaintiff*

41. Dunn, Chelsea, *Counsel for Plaintiffs*

42. Edmiston, Kale, *Witness*

43. Endocrine Society, Florida Chapter of the American Academy of Pediatrics, *Amicus*

44. English, Jeffrey, *Witness*

45. Figlio, Erik, *Counsel for Amicus*

46. Florida Agency for Health Care Administration, *Defendant*

47. Florida Chapter of the American Academy of Pediatrics, *Amicus*

48. Florida Policy Institute, *Amicus*

49. Florida Voices for Health, *Amicus*

50. Gonzalez-Pagan, Omar, *Counsel for Plaintiffs*

51. Halley, Ted, *Amicus*

52. Hartnett, Kathleen, *Counsel for Amicus*

53. Helstrom, Zoe, *Counsel for Amicus*

54. Heyer, Walt, *Amicus*

55. Hinkle, Robert, *U.S. District Court Judge*

56. Hruz, Paul William, *Witness*

57. Hussein, Abdul-Latif, *Amicus*

58. Hutton, Kim, *Witness*

59. Isasi, William, *Counsel for Amicus*

60. Janssen, Aron Christopher, *Witness*

61. Jazil, Mohammad, *Counsel for Defendants*

62. K.F., *Plaintiff*

63. Kaliebe, Kristopher Edward, *Witness*

64. Kamody, Rebecca, *Amicus*

65. Kang, Katelyn, *Counsel for Amicus*

66. Karasic, Dan, *Witness*

67. Kline, Robert, *Counsel for Amicus*

68. Kniffin, Eric, *Counsel for Amicus*

69. Krasovec, Joseph, *Counsel for Amicus*

70. Kuper, Laura, *Amicus*

71. Lannin, Cortlin, *Counsel for Amicus*

72. Lappert, Patrick, *Witness*

73. Laudue, Jade, *Plaintiff*

74. Levine, Stephen, *Witness*

75. Little, Joseph, *Counsel for Plaintiffs*

76. Marstiller, Simone, *Former Defendant*

77. Mauler, Daniel, *Counsel for Amicus*

78. McCotter, R. Trent, *Counsel for Amicus*

79. McKee, Catherine, *Counsel for Plaintiffs*

80. McNamara, Meredithe, *Amicus*

81. Meszaros, Marie, *Amicus*

82. Miller, William, *Counsel for Plaintiffs*

83. Mondry, Emily, *Counsel for Amicus*

84. Morrison, Rachel, *Amicus*

85. National Association of Pediatric Nurse Practitioners, *Amicus*

86. Norohna, Maya, *Amicus*

87. North Central Florida Council of Child and Adolescent Psychiatry, *Amicus*

88. Olezeski, Christy, *Amicus*

89. Olson-Kennedy, Johanna, *Witness*

90. Pediatric Endocrine Society, *Amicus*

91. Perko, Gary, *Counsel for Defendants*

92. Pratt, Christine, *Amicus*

93. Pratt, Joshua, *Counsel for Defendants*

94. Ramer, John, *Counsel for Amicus*

95. Reinhardt, Elizabeth, *Counsel for Amicus*

96. Richards, Jay, *Amicus*

97. Rivaux, Shani, *Counsel for Plaintiffs*

98. Rothstein, Brit, *Plaintiff*

99. Samuels, Valerie, *Counsel for Amicus*

100. Schechter, Loren, *Witness*

101. Scott, Sophie, *Witness*

102. Severino, Roger, *Amicus*

103. Shaw, Gary, *Counsel for Plaintiffs*

104. Shumer, Daniel, *Witness*

105. Societies for Pediatric Urology, *Amicus*

106. Society for Adolescent Health and Medicine, *Amicus*

107. Society for Pediatric Research, *Amicus*

108. Society of Pediatric Nurses, *Amicus*

109. State of Alabama, *Amicus*

110. State of Arkansas, *Amicus*

111. State of California, *Amicus*

112. State of Georgia, *Amicus*

113. State of Indiana, *Amicus*

114. State of Iowa, *Amicus*

115. State of Kentucky, *Amicus*

116. State of Louisiana, *Amicus*

117. State of Mississippi, *Amicus*

118. State of Missouri, *Amicus*

119. State of Montana, *Amicus*

120. State of Nebraska, *Amicus*

121. State of North Dakota, *Amicus*

122. State of South Carolina, *Amicus*

123. State of Tennessee, *Amicus*

124. State of Texas, *Amicus*

125. State of Utah, *Amicus*

126. State of Virginia, *Amicus*

127. Szilagyi, Nathalie, *Amicus*

128. Thompson, David, *Counsel for Amicus*

129. Veroff, Julie, *Counsel for Amicus*

130. Veta, D. Jean, *Counsel for Amicus*

131. Weida, Jason, *Defendant*

132. World Professional Association for Transgender Health, *Amicus*

To the best of amicus's knowledge, no other persons, associations of persons, firms, partnerships, or corporations have an interest in the outcome of this case or appeal.

<u>/s/ R. Trent McCotter</u>
R. Trent McCotter

On October 13, 2013, the undersigned filed two amicus briefs in this action, each on behalf of different amici. The first brief (ECF No. 42) was on behalf of Jay W. Richards. The second brief (ECF No. 43) was on behalf of Roger Severino, Rachel N. Morrison, Louis Brown Jr., Christine Pratt, and Marie Connelly Meszaros. The parties in this case consented to the filing of both briefs, and the undersigned sent the required paper copies to the Clerk's office.

Nearly four months later, on February 5, 2024, the Clerk's office issued two notations on the docket, stating that "[n]o action will be taken" on those two amicus briefs, and the following explanation was provided: "'One Attorney, One Brief[.]' See IOP(2) FRAP28." ECF Nos. 104, 105.

This Court's IOP #2 for FRAP 28 says: "Unless otherwise directed by the court, an attorney representing more than one party in an appeal may only file one principal brief (and one reply brief, if authorized), which will include argument as to all of the parties represented by that attorney in that appeal, and one (combined) appendix. A single party responding to more than one brief, or represented by more than one attorney, is similarly bound." IOP #2, FRAP28.

1

The Clerk's office erred by concluding that IOP#2 applies to counsel filing multiple amicus briefs on behalf of different amici. That IOP is expressly limited to an attorney representing a "party," but Federal Rule of Appellate Procedure 29 (which covers amicus briefs) goes out of its way to avoid labeling amici as "parties," expressly distinguishing the two at least half a dozen times in ways that would make no sense if an amicus were a "party."

For example, the Clerk's office's view that an amicus is a "party" for purposes of briefing would render superfluous the requirement that an amicus certify whether a "party" wrote or funded the amicus's brief, as the answer would always be "yes"—the amicus or its counsel wrote it, after all. *See* FRAP 29(c)(5) (requiring an amicus to certify whether "a party's counsel authored the brief in whole or in part" and whether "a party or a party's counsel contributed money that was intended to fund preparing or submitting the brief"). The Clerk's office's view would also suggest that one amicus must get consent from *all other amici* to file a brief (which is never the practice), *see* FRAP 29(a) (noting an amicus typically must obtain consent from "all parties" or else file a motion); and that an amicus could file a brief directly in support of *another amicus*

*brief* (which again is never the practice) *see* FRAP 29(c) (noting that an amicus must indicate which "party or parties" it supports).

All of this explains why IOP #2 appears under FRAP 28, which deals with the *parties'* briefs, and not under FRAP 29, which deals with amicus briefs. It also explains why IOP #2 refers only to a "principal brief," a "reply brief," a "respon[se]" brief, and an "appendix"—none of which are ever filed by an amicus.

For all these reasons, the Clerk's office erred by concluding—four months after the fact—that IOP #2 to FRAP 28 presents a bar on an attorney filing separate amicus briefs on behalf of separate amici. Further, sometimes such an arrangement is necessitated, as in a case like this, by the relatively small number of attorneys willing to represent amici who take positions that are unpopular in some quarters yet would be beneficial for the Court to hear.

However, for avoidance of doubt, amici from those two briefs hereby move the Court to deem properly filed the two amicus briefs submitted by the undersigned on October 13, 2023, and thus the Clerk's office should distribute those briefs as it would in the normal course.

3

The parties (i.e., the actual parties—Appellants and Appellees) do not oppose the filing of these two amicus briefs, although Appellees state that they take no position on the interpretation of IOP #2 for FRAP 28.

February 8, 2024                    Respectfully Submitted,

/s/ R. Trent McCotter
R. TRENT MCCOTTER
Boyden Gray PLLC
801 17th Street, NW
Suite 350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com
Counsel for *Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2024, an electronic copy of the foregoing brief was filed with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the appellate CM/EFC filing system and that service will be accomplished using the appellate CM/ECF system.

/s/ R. Trent McCotter

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the typeface requirements of Rule 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this brief was prepared in 14-point Century School, a proportionally spaced typeface, using Microsoft Word. Fed. R. App. P. 29(a), 32(g)(1). This brief complies with the type-volume limitation of Rule 27 because it contains 668 words, excluding the parts exempted under Rule 32(f).

/s/ R. Trent McCotter