No. 23-12155

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

AUGUST DEKKER, ET AL.,

PLAINTIFFS-APPELLANTS,

v.

SECRETARY, FLORIDA AGENCY FOR HEALTH CARE
ADMINISTRATION ET AL.,

DEFENDANTS-APPELLEES.

On Appeal from the United States District Court
for the Northern District of Florida,

Case No. 4:22-cv-325 (Hinkle, J.)

# MOTION TO DEEM PROPERLY FILED
# TWO *AMICI CURIAE* BRIEFS FILED BY COUNSEL
# ON OCTOBER 13, 2023

ERIC N. KNIFFIN
ETHICS & PUBLIC POLICY CENTER
1730 M Street, N.W.
 Suite 910
Washington, DC 20036
(202) 682-1200
ekniffin@eppc.org

*Counsel for* Amicus Curiae

February 16, 2024

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Amicus provides this Certificate of Interested Persons and Corporate Disclosure Statement. To the best of counsel's knowledge, the following persons and entities may have an interest in the outcome of this case:

1. Academic Pediatric Association, *Amicus*

2. Alstott, Anne, *Amicus*

3. Altman, Jennifer, Counsel for Plaintiffs

4. American Academy of Child and Adolescent Psychiatry, *Amicus*

5. American Academy of Family Physicians, *Amicus*

6. American Academy of Nursing, *Amicus*

7. American Academy of Pediatrics, *Amicus*

8. American College of Obstetricians and Gynecologists, *Amicus*

9. American College of Osteopathic Pediatricians, *Amicus*

10. American College of Physicians, *Amicus*

11. American Medical Association, *Amicus*

12. American Pediatric Society, *Amicus*

13. American Psychiatric Association, *Amicus*

14. Anderson, Barrett, Counsel for *Amicus*

i

15.  Antommaria, Armand, *Witness*

16.  Association of American Medical Colleges, *Amicus*

17.  Baker, Kellan, Witness

18.  Bardos, Andy, Counsel for *Amicus*

19.  Barnes, Brian, Counsel for *Amicus*

20.  Beato, Michael, Counsel for Defendants

21.  Biomedical Ethics and Public Health Scholars, *Amicus*

22.  Boergers, Kathleen, Counsel for *Amicus*

23.  Boulware, Susan, *Amicus*

24.  Boyden Gray PLLC, Counsel for *Amicus*

25.  Bowdre, Alexander, Counsel for *Amicus*

26.  Brackett, John Matthew, Witness

27.  Brown, Louis, Jr., *Amicus*

28.  Burleigh, Clifton, Jr., *Amicus*

29.  Charles, Carl, Counsel for Plaintiffs

30.  Chriss, Simone, Counsel for Plaintiffs

31.  Chuang, Ming, Counsel for *Amicus*

32.  Clark, Kaila, Counsel for *Amicus*

33.  Coursolle, Abigail, Counsel for Plaintiffs

34.  Dalton, Ann, Witness

35.  Debriere, Katherine, Counsel for Plaintiffs

36.  Dekker, August, Plaintiff

37.   Do No Harm, *Amicus*

38.   Doe, Jane, Plaintiff

39.   Doe, John, Plaintiff

40.   Doe, Susan, Plaintiff

41.   Dunn, Chelsea, Counsel for Plaintiffs

42.   Edmiston, Kale, Witness

43.   Endocrine Society, Florida Chapter of the American Academy of Pediatrics, *Amicus*

44.   English, Jeffrey, Witness

45.   Figlio, Erik, Counsel for *Amicus*

46.   Florida Agency for Health Care Administration, Defendant

47.   Florida Chapter of the American Academy of Pediatrics, *Amicus*

48.   Florida Policy Institute, *Amicus*

49.   Florida Voices for Health, *Amicus*

50.   Gonzalez-Pagan, Omar, Counsel for Plaintiffs

51.   Halley, Ted, Amicus

52.   Hartnett, Kathleen, Counsel for *Amicus*

53.   Helstrom, Zoe, Counsel for *Amicus*

54.   Heyer, Walt, *Amicus*

55.   Hinkle, Robert, U.S. District Court Judge

56.   Hruz, Paul William, Witness

57.   Hussein, Abdul-Latif, *Amicus*

58.    Hutton, Kim, Witness

59.    Isasi, William, Counsel for *Amicus*

60.    Janssen, Aron Christopher, Witness

61.    Jazil, Mohammad, Counsel for Defendants

62.    K.F., Plaintiff

63.    Kaliebe, Kristopher Edward, Witness

64.    Kamody, Rebecca, *Amicus*

65.    Kang, Katelyn, Counsel for *Amicus*

66.    Karasic, Dan, Witness

67.    Kline, Robert, Counsel for *Amicus*

68.    Kniffin, Eric, Counsel for *Amicus*

69.    Krasovec, Joseph, Counsel for *Amicus*

70.    Kuper, Laura, *Amicus*

71.    Lannin, Cortlin, Counsel for *Amicus*

72.    Lappert, Patrick, Witness

73.    Laudue, Jade, Plaintiff

74.    Levine, Stephen, Witness

75.    Little, Joseph, Counsel for Plaintiffs

76.    Marstiller, Simone, Former Defendant

77.    Mauler, Daniel, Counsel for *Amicus*

78.    McCotter, R. Trent, Counsel for *Amicus*

79.    McKee, Catherine, Counsel for Plaintiffs

80. McNamara, Meredithe, *Amicus*

81. Meszaros, Marie, *Amicus*

82. Miller, William, Counsel for Plaintiffs

83. Mondry, Emily, Counsel for *Amicus*

84. Morrison, Rachel, *Amicus*

85. National Association of Pediatric Nurse Practitioners, *Amicus*

86. Norohna, Maya, *Amicus*

87. North Central Florida Council of Child and Adolescent Psychiatry, *Amicus*

88. Olezeski, Christy, *Amicus*

89. Olson-Kennedy, Johanna, Witness

90. Pediatric Endocrine Society, Amicus

91. Perko, Gary, Counsel for Defendants

92. Pratt, Christine, *Amicus*

93. Pratt, Joshua, Counsel for Defendants

94. Ramer, John, Counsel for *Amicus*

95. Reinhardt, Elizabeth, Counsel for *Amicus*

96. Richards, Jay, *Amicus*

97. Rivaux, Shani, Counsel for Plaintiffs

98. Rothstein, Brit, Plaintiff

99. Samuels, Valerie, Counsel for *Amicus*

100. Schechter, Loren, Witness

101. Scott, Sophie, Witness

102. Severino, Roger, *Amicus*

103. Shaw, Gary, Counsel for Plaintiffs

104. Shumer, Daniel, Witness

105. Societies for Pediatric Urology, *Amicus*

106. Society for Adolescent Health and Medicine, *Amicus*

107. Society for Pediatric Research, *Amicus*

108. Society of Pediatric Nurses, *Amicus*

109. State of Alabama, *Amicus*

110. State of Arkansas, *Amicus*

111. State of California, *Amicus*

112. State of Georgia, Amicus

113. State of Indiana, *Amicus*

114. State of Iowa, *Amicus*

115. State of Kentucky, *Amicus*

116. State of Louisiana, *Amicus*

117. State of Mississippi, *Amicus*

118. State of Missouri, *Amicus*

119. State of Montana, *Amicus*

120. State of Nebraska, *Amicus*

121. State of North Dakota, *Amicus*

122. State of South Carolina, *Amicus*

123. State of Tennessee, *Amicus*

124. State of Texas, *Amicus*

125. State of Utah, *Amicus*

126. State of Virginia, *Amicus*

127. Szilagyi, Nathalie, *Amicus*

128. Thompson, David, Counsel for *Amicus*

129. Veroff, Julie, Counsel for *Amicus*

130. Veta, D. Jean, Counsel for *Amicus*

131. Weida, Jason, Defendant

132. World Professional Association for Transgender Health, *Amicus*

To the best of counsel's knowledge, no other persons, associations of persons, firms, partnerships, or corporations have an interest in the outcome of this case or appeal.

s/ Eric N. Kniffin
ERIC N. KNIFFIN

# INTRODUCTION[1, 2]

On October 13, 2023, undersigned counsel filed two amicus briefs in this matter: the first on behalf of the Ethics and Public Policy Center, ECF 44, and the second brief on behalf of Walt Heyer, Ted Halley, and Clifton Francis Burliegh, Jr., ECF 45. The parties in this case consented to the filing of each brief. *See* FED. R. APP. P. 29(a). The Clerk's Office received the paper copies required by the Court's rules. ECF 51 & 52.

On February 5, 2024, the following entry was added to the docket:

> No action will be taken on Amicus Briefs filed on October 13, 2023 at docket numbers 44 and 45. "One Attorney, One Brief" *See* IOP(2) FRAP28.

ECF 104. This Court's second Internal Operating Procedure under Rule 28 reads as follows:

> ***"One Attorney, One Brief"***. *Unless otherwise directed by the court, an attorney representing more than one party in an appeal may only file one principal brief (and one reply brief, if authorized), which will include argument as to all of the parties represented by that attorney in that appeal, and one (combined) appendix. A single party responding to more than*

---

[1] Pursuant to 11th Cir. R. 27-1(a)(4), the present motion is substantially similar to the Motion to Deem Properly Filed at ECF 107.

[2] Pursuant to 11th Cir. R. 27-1(a)(5), movants' counsel has consulted with counsel for all parties before filing this motion. Appellants and Appellees consent to the filing of the amicus briefs at ECF 44 and 45, although Appellees state that they take no position on the interpretation of 11th Cir. R. 28-1, I.O.P. 2.

*one brief, or represented by more than one attorney, is similarly bound.*"

11th Cir. R. 28-1, I.O.P. 2. Counsel presumes that this docket entry was entered by the Clerk's Office.

For the reasons below, counsel moves the Court on behalf of the amici represented in ECF 44 and 45 to deem these amicus briefs properly filed and confirm that they continue to be part of the record in this matter.

## ARGUMENT

### A.     The amicus briefs at issue comply with Rule 29.

As an initial matter, the amicus briefs in question were filed properly because they comply fully with Federal Rule of Appellate Procedure 29, Eleventh Circuit Rules 11-1, 11-2, 11-3, and 11-4, and with the Eleventh Circuit's Internal Operating Procedures under Rule 29. Nothing in ECF 104 suggests otherwise.

Federal Rule of Appellate Procedure 29 states that "[a]n amicus brief need not comply with Rule 28." FED. R. APP. P. 29(a)(4). The rule proceeds to list the specific aspects of Rule 28 that apply to amicus briefs. *Id*. at 29(a)(4)(A)-(G). Eleventh Circuit Rule 29-2 likewise does not require amicus briefs to comply with all of the Circuit's own rules under

2

Rule 28. Instead, it states that "an amicus brief must contain items (a), (b), (d), (e), (h), (j), (k), (l), (m) and (n) of 11th Cir. R. 28-1." 11TH CIR. R. 29-2. The Eleventh Circuit's Internal Operating Procedure under Rule 29 only reference Federal Rules of Appellate Procedure 28(j) and 28.1(e).

Given the above, Rule 29 in the Eleventh Circuit Rules does not incorporate the "One Attorney, One Brief" rule in Eleventh Circuit Rule 28-1, Internal Operating Procedure 2.

## B. ECF 104 does not comply with Rule 29's provisions for improper amicus briefs.

Though the amicus briefs filed by counsel comply with Rule 29, it is not clear the same can be said of ECF 104. Rule 29 contemplates that a court may "prohibit the filing of or may strike an amicus brief." Fed. R. App. P. 29(a)(2). But ECF 104 does not appear to do either of these things; instead it only says that "[n]o action will be taken." Neither Rule 29 nor any other provision in the Eleventh Circuit Rules set out the conditions under which the Clerk's Office or the Court more generally may take "[n]o action" on an amicus brief or on any other brief. No provision in the Court's Rules explains what this phrase means, especially as the amicus briefs in question are permitted without leave of court because they were filed with the consent of all parties. FED. R. APP. P. 29(a)(2).

3

### C.    The "One Attorney, One Brief" rule does not apply to amicus briefs.

Furthermore, it is unreasonable to construe the "One Attorney, One Brief" rule as applying to amicus briefs. Just as Rule 29 does not incorporate Rule 28 as a whole but only specified provisions, this Internal Operating Procedure does not purport to apply to all briefs but only to a "principal brief," "reply brief," "respon[se]" brief, and an "appendix"—none of which are ever filed by an amicus.

Additionally, the "One Attorney, One Brief" rule does not purport to apply to all attorneys participating in an appeal, but only "an attorney representing one than one *party* in an appeal." 11th Cir. R. 28-1, I.O.P. 2 (emphasis added). ECF 104 seems to presume that an amicus is a "party" to the case, but that does not appear to be correct under the Eleventh Circuit Rules in general or its Rule 29 in particular. To the contrary, it would be difficult or impossible for amicus counsel to comply with the Eleventh Circuit Rules if all amici are considered parties.

For example, the Clerk's Office's view that an amicus is a "party" for purposes of briefing would render meaningless the requirement that an amicus certify whether a "party" wrote or funded the amicus's brief, as the answer would always be "yes." *See* FED. R. APP. P. 29(a)(4)(E)

(requiring an amicus to certify whether "a party's counsel authored the brief in whole or in part" and whether "a party or a party's counsel contributed money that was intended to fund preparing or submitting the brief"). The surplusage canon "obliges" the Court, "whenever possible, to disfavor an interpretation when that interpretation would render a 'clause, sentence, or word . . . superfluous, void, or insignificant." *In Re Shek*, 947 F.3d 770, 777 (11th Cir. 2020) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)).

The Clerk's Office's view would also suggest that one amicus must get consent from all other amici to file a brief, (which is never the practice), *see* Fed. R. App. P. 29(a)(2) (noting an amicus typically must obtain consent from "all parties" or else file a motion), and that an amicus could file a brief directly in support of another amicus brief (which again is never the practice), *see* Fed. R. App. P. 29(a)(4) (requiring an amicus brief to "identify the party or parties supported").

Given the above, it is unreasonable to read the "One Attorney, One Brief" rule in Eleventh Circuit Rule 28-1, Internal Operating Procedure 2, as applying to amicus briefs.

5

**D.    In the alternative, counsel asks the Court to exercise its discretion to deem the amicus briefs at docket numbers 44 and 45 properly filed.**

For the reasons stated above, counsel contends that ECF 104 does not represent the most reasonable interpretation of the Eleventh Circuit Rules—neither Rule 29, nor Rule 28, nor the Rules as a whole. To the extent the Court disagrees, counsel respectfully requests that asks that the Court, in the interests of justice, deem the amicus briefs at 44 and 45 properly filed.

At the very least, the arguments set out above explain why counsel believed in good faith that the Court's Rules allow an attorney to file more than one amicus brief when he or she determines that each brief would benefit the Court in its deliberations. If the Court believes that an attorney should only be able to one amicus brief per case, counsel respectfully suggests that it should revise the Eleventh Circuit Rules to make this limit clear.

Counsel also submits that the Court would benefit by taking the amicus briefs at ECF 44 and 45 under consideration. Counsel filed the amicus brief at ECF 44 on behalf of the Ethics and Public Policy Center. ECF No. 44. Drawing from the research of Mary Rice Hasson, Director of

the EPPC's Person and Identity Project, the brief cites eighty-seven

authorities to demonstrate the reasonableness of the Florida regulations

challenged in this case:

> Respectfully, the district court got it wrong. Contrary to the
> district court's characterization, the Defendants-Appellants
> do not deny that "[g]ender identity is real." *Dekker*, 2023 WL
> 4102243 at *20. The Agency merely disagrees with
> Plaintiffs-Appellees—and with *some voices* in an *ongoing
> debate*—about the best way to treat children that presently
> identify with a gender that is at odds with their sex.
>
> The reality, as shown below, is that there is no national or
> international medical consensus regarding an authoritative
> standard of care for the treatment of gender dysphoria or the
> use of transitioning treatments. This lack of medical
> consensus has been recognized by the federal government, is
> reflected in state action, and continues to generate
> controversy in the medical profession. . . .
>
> As the evidence set out below shows, the district court's
> claims about the state of ongoing scientific and political
> debate in this area and its attacks on the Agency's motives
> are inappropriate and unjustified.

ECF 44 at 4-5.

Counsel filed the amicus brief at ECF 45 on behalf of Walt Heyer,

Ted Halley, and Clifton Francis Burliegh, Jr. Each of these amici is an

adult man who—like Plaintiffs-Appellees—was once convinced that

"gender transition" procedures were the answers to his problems.

> At some point in each of their lives, Walt, Ted, and Billy
> would likely have been right alongside Plaintiffs-Appellees,

fighting anything that might get in the way of his pursuit of hormonal therapies and radical surgeries he thought would bring him the happiness and peace he had long sought.

Where *Amici* differ from Plaintiffs-Appellees is that they have gone through the gender transition process and come out the other side. They had hormone therapy. They endured cosmetic surgeries to make them look more like women. They let doctors amputate their male reproductive organs. They transitioned socially and for years presented themselves as though they were females. And they found that transitioning did not make them happy. It did not solve their confusion and depression; in fact, transitioning made it worse.

*Amici* are interested in this case because they believe that the challenged Florida rule is good policy. They believe the rule looks out for the best interests of vulnerable people suffering from gender dysphoria. *Amici* hope that through sharing their painful journeys the Court will better understand the issues at stake in this case. *Amici* hope the challenged Florida rule is upheld. It is too late for them, but *Amici* hope that this policy will help others confused about their gender identity pause and reconsider before they make the same irreversible and life-altering harmful mistakes that they did.

ECF 45 at 3-4.

Whatever error counsel may have made in his reading of the Eleventh Circuit Rules, counsel submits that the Court would benefit from giving careful consideration to the perspectives that these amici

share in these briefs, perspectives that will help the Court understand the important issues at the heart of this case.[3]

## CONCLUSION

For the foregoing reasons, counsel respectfully requests that the Court grant the present motion by deeming that the two amicus briefs submitted by the undersigned on October 13, 2023, were properly and accordingly affirm that the Clerk's Office should distribute those briefs as it would in the normal course.

Respectfully submitted,

s/ Eric N. Kniffin
ERIC N. KNIFFIN
ETHICS & PUBLIC POLICY CENTER
1730 M Street, N.W.
 Suite 910
Washington, DC 20036
(202) 682-1200
ekniffin@eppc.org

*Counsel for* Amici Curiae

FEBRUARY 16, 2024

---

[3] In the alternative, counsel requests leave to find another attorney, not currently representing a party or amicus in this case, to file one of the amicus briefs listed in ECF 104. FED. R. APP. P. 29(a)(6) ("court may grant leave for later filing").

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2024, an electronic copy of the foregoing brief was filed with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the appellate CM/EFC filing system and that service will be accomplished using the appellate CM/ECF system.

s/ Eric N. Kniffin
ERIC N. KNIFFIN

**CERTIFICATE OF COMPLIANCE**

This brief complies with the word limit of Fed. R. App. P. 29(a)(5) because this brief contains 1,942 words, excluding parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in Microsoft Word Version 2304 using a proportionally spaced typeface, 14-point Century Schoolbook.

s/ Eric N. Kniffin
ERIC N. KNIFFIN