

April 30, 2024

<u>Via CM/ECF</u>

The Hon. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: Appellees' Notice of Supplemental Authority Pursuant to FRAP 28(j) in *Dekker v. Weida*, No. 23-12155

Dear Clerk Smith,

Pursuant to Rule of Appellate Procedure 28(j) and the Court's Internal Operating Procedures, Plaintiffs-Appellees, by and through the undersigned counsel, inform the Court of subsequently decided authority and attach as **Exhibit A** hereto a copy of an opinion issued by the United States Court of Appeals for the Fourth Circuit sitting *en banc* in *Kadel v. Folwell*, No. 22-1721, and *Anderson v. Crouch*, No. 22-1927, on April 29, 2024.

In *Kadel* and *Anderson*, the Fourth Circuit ruled on the constitutionality and lawfulness of categorical exclusions of coverage for gender-affirming medical care in the North Carolina State Health Plan and West Virginia Medicaid Program, respectively. Slip. Op. at 8. In doing so, the Court ruled that such exclusions violate the equal protection clause of the Fourteenth Amendment, and that the West Virginia Medicaid exclusion violates the Affordable Care Act and Medicaid Act. *Id.* at 9.




Like Plaintiffs argue (Response Br. at 17-32), the Fourth Circuit held that the Exclusions discriminate based on gender identity and sex, are therefore subject to intermediate scrutiny, and that they cannot meet that heightened standard. Slip. Op. at 23. In doing so, the Fourth Circuit noted that it does not matter that not all transgender people need gender-affirming medical care because "discrimination *within* a certain class does not mean there is no discrimination *between* classes." *Id.* at 28. The court further noted that "*Geduldig* is best understood as standing for the simple proposition that pregnancy is an insufficiently close proxy for sex. The same cannot be said for the inextricable categories of gender dysphoria and transgender status." *Id.* at 31. Finally, twelve of the fourteen judges of the Fourth Circuit sitting *en banc* agreed that *Bostock*'s analysis applies to equal protection claims under the Fourteenth Amendment. *See id.* at 44-45 (majority op.), and *id.* at 90-96 (Richardson, J., dissenting).

Similarly, like Plaintiffs argue (Response Br. at 51-52, 56-59), the Fourth Circuit held that the exclusion in West Virginia's Medicaid Program violates the Medicaid Act's comparability requirement and the Affordable Care Act's nondiscrimination mandate. Slip. Op. at 62-63, 64-65.

Sincerely,

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (212) 658-9721
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiff*

cc:   All counsel of record via CM/ECF

# CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit set forth in Rule of Appellate Procedure 28(j) and the Court's Internal Operating Procedures because the body of the letter contains no more than 350 words.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
**Lambda Legal Defense and
Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
